UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------------

UNITED STATES OF AMERICA,          :          Case No. 4:14-cr-357
                                                    :          Case No. 4:16-cv-450
      Plaintiff,          :
                                                    :
vs.                                                :          OPINION & ORDER
                                                    :          [Resolving Docs. 32, 34, 35]
MICHAEL C. RODRIGUEZ,          :
                                                    :
      Defendant.          :
                                                    :

-----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Michael C. Rodriguez petitions for habeas corpus relief under 28 U.S.C. §
2255.  He argues that his predicate offenses no longer qualify as crimes of violence and he was
improperly sentenced under the United States Sentencing Guideline § 2K2.1(a)(2).[1] The
Supreme Court's recent opinion in *Beckles v. United States*[2] forecloses his argument.

Defendant Rodriguez's argument centers on the relationship between the Guidelines and
the Armed Career Criminals Act.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*,
holding that the residual clause of the Armed Career Criminals Act was unconstitutionally
vague.[3]  If a sentencing court imposed an increased sentence based on felonies that qualified
under the residual clause alone, that sentence violated a criminal defendant's constitutional right
to due process.[4]

---

[1] Doc. 32. The Government opposes. Doc. 34. Defendant Rodriguez replied. Doc. 35.
[2] No. 15-8544, 2017 WL 855781 (U.S. Mar. 6, 2017).
[3] ___ U.S. ___, 135 S. Ct. 2551 (2015).
[4] *Id.*

Case No. 4:14-cr-357
Gwin, J.

A criminal defendant sentenced under the ACCA residual clause can collaterally

challenge his ACCA affected sentence in a § 2255 habeas proceeding.[5]

The Guidelines' career offender provision defines "crime of violence" using the same

language ruled unconstitutional in *Johnson*.[6] Therefore, since *Johnson*, many criminal

defendants sentenced under the Guidelines' career offender provision have argued that *Johnson*'s

holding should also apply retroactively to Guidelines cases.

In *Beckles*, the Supreme Court rejected this argument. In *Beckles*, the petitioner argued

that because the Court's *Johnson* opinion held "that the identically worded residual clause in the

Armed Career Criminal Act . . . was unconstitutionally vague . . . the Guidelines' residual clause

is also void for vagueness."[7]

In answering this argument, the *Beckles* Court held that because of the Guidelines'

advisory nature, they "are not subject to vagueness challenges under the Due Process Clause."[8]

The Supreme Court's decision dictates the outcome of *Beckles*-dependant cases pending

across the federal courts. Accordingly, this Court **DENIES** Defendant Rodriguez's § 2255

petition.

IT IS SO ORDERED.


Dated:  April 3, 2017                                      s/           *James S. Gwin*
                                                          JAMES S. GWIN
                                                          UNITED STATES DISTRICT JUDGE

---

[5] *Welch v. United States*,    U.S.   , 136 S. Ct. 1257, 1265 (2016).
[6] *See* United States Sentencing Guideline § 4B1.2(a) (emphasis added).
[7] No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017).
[8] *Id*.